STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the 10th day of May, 2021.

Present: Anne M. Burke, Chief Justice

Justice Rita B. Garman
Justice P. Scott Neville, Jr.
Justice David K. Overstreet

Justice Mary Jane Theis
Justice Michael J. Burke
Justice Robert L. Carter

On the 18th day of May, 2021, the Supreme Court entered the following judgment:

M.R.030721

In re:

Dwight White.

FILED

May 18, 2021

ARDC CLERK

Attorney Registration & Disciplinary Commission

2020PR000006

Petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b). Allowed. Respondent Dwight White is suspended from the practice of law for two (2) years and until further order of the Court, with the suspension stayed after one (1) year by a three (3) year period of probation subject to the following conditions which are effective immediately:

a. Respondent shall continue in his course of psychotherapy with his current licensed clinical therapist, or such other qualified mental health professional acceptable to the Administrator, and shall report to his current therapist, or such other qualified mental health professional, on a regular basis of not less than once per week as determined by the therapist, with the Administrator advised of any change in attendance deemed warranted by such professional;

b. Respondent shall comply with any and all treatment and continuing care recommendations of his current therapist, or other treatment provider approved by the Administrator, including the taking of medications as prescribed;

c. Respondent shall provide the Administrator and his current therapist or other treatment provider and treatment program(s) with an appropriate release, authorizing the treating professionals to: (1) disclose to the Administrator, on at least a quarterly basis, information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition; (2) to promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and (3) to respond to any inquiries by the Administrator regarding respondent's treatment and compliance with any established treatment plan;

d. Respondent shall attend meetings as scheduled by the Commission probation officer. Respondent shall submit quarterly written reports to the Commission probation officer

concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

e. Respondent's practice of law shall be supervised by a licensed attorney acceptable to the Administrator. Respondent shall notify the Administrator of the name and address of any and all attorneys with whom he establishes a supervisory relationship and shall provide notice to the Administrator of any change in supervising attorneys within fourteen (14) days of the change. Respondent shall authorize the supervising attorney to provide a report in writing to the Administrator no less than every three (3) months, regarding the nature of respondent's work, the number of cases being handled by respondent and the supervisor's general appraisal of the respondent's continued fitness to practice law;

f. Respondent shall comply with the provisions of Article VII of the Illinois Supreme Court Rules on Admission and Discipline of Attorneys and the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;

g. Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

h. At least thirty (30) days prior to the termination of the period of probation, respondent shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct;

i. Respondent shall notify the Administrator within seven (7) days of any arrest or charge alleging his violation of any criminal or quasi-criminal statute or ordinance;

j. Respondent shall notify the Administrator within fourteen (14) days of any change of address; and

k. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The remaining portion of the two (2) year period of suspension shall commence from the date of the determination that any term of probation has been violated and shall continue until further order of the Court.

Suspension effective June 8, 2021.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.



IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of said Supreme Court, in Springfield, in said State, this 18th day of May, 2021.

*Carolyn Taft Grosboll*, Clerk,
Supreme Court of the State of Illinois



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

May 18, 2021

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Sharon Diane Opryszek
Attorney Registration and Disciplinary Commission
One Prudential Plaza, Suite 1500
130 East Randolph Drive
Chicago, IL 60601

In re:   In re: Dwight White
M.R.030721

Today the following order was entered in the captioned case:

> Petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b). <u>Allowed</u>. Respondent Dwight White is suspended from the practice of law for two (2) years and until further order of the Court, with the suspension stayed after one (1) year by a three (3) year period of probation subject to the following conditions which are effective immediately:
>
> a. Respondent shall continue in his course of psychotherapy with his current licensed clinical therapist, or such other qualified mental health professional acceptable to the Administrator, and shall report to his current therapist, or such other qualified mental health professional, on a regular basis of not less than once per week as determined by the therapist, with the Administrator advised of any change in attendance deemed warranted by such professional;
>
> b. Respondent shall comply with any and all treatment and continuing care recommendations of his current therapist, or other treatment provider approved by the Administrator, including the taking of medications as prescribed;

FILED

May 18, 2021

ARDC CLERK

c.  Respondent shall provide the Administrator and his current therapist or other treatment provider and treatment program(s) with an appropriate release, authorizing the treating professionals to: (1) disclose to the Administrator, on at least a quarterly basis, information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition; (2) to promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and (3) to respond to any inquiries by the Administrator regarding respondent's treatment and compliance with any established treatment plan;

d.  Respondent shall attend meetings as scheduled by the Commission probation officer. Respondent shall submit quarterly written reports to the Commission probation officer concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

e.  Respondent's practice of law shall be supervised by a licensed attorney acceptable to the Administrator. Respondent shall notify the Administrator of the name and address of any and all attorneys with whom he establishes a supervisory relationship and shall provide notice to the Administrator of any change in supervising attorneys within fourteen (14) days of the change. Respondent shall authorize the supervising attorney to provide a report in writing to the Administrator no less than every three (3) months, regarding the nature of respondent's work, the number of cases being handled by respondent and the supervisor's general appraisal of the respondent's continued fitness to practice law;

f.  Respondent shall comply with the provisions of Article VII of the Illinois Supreme Court Rules on Admission and Discipline of Attorneys and the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;

g.  Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

h.  At least thirty (30) days prior to the termination of the period of probation, respondent shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct;

i. Respondent shall notify the Administrator within seven (7) days of any arrest or charge alleging his violation of any criminal or quasi-criminal statute or ordinance;

j. Respondent shall notify the Administrator within fourteen (14) days of any change of address; and

k. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The remaining portion of the two (2) year period of suspension shall commence from the date of the determination that any term of probation has been violated and shall continue until further order of the Court.

Suspension effective June 8, 2021.

Order entered by the Court.

Very truly yours,

*Carolyn Taft Grosboll*

Clerk of the Supreme Court

cc: Christopher Raul Heredia
Dwight White
Kenneth G. Jablonski
Trisha Michelle Rich